IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-329-BO

| | |
|---|---|
| JUDITH BOWMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** ) |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 26 & 30]. A hearing on this matter was held in Elizabeth City, North Carolina on November 21, 2013 at 3:00 p.m. For the reasons discussed below, defendant's motion is GRANTED, plaintiff's motion is DENIED and the decision of the Commissioner is AFFIRMED.

## BACKGROUND

Ms. Bowman applied for disability insurance benefits and supplemental security income on October 5, and October 10, 2010, respectively, alleging an onset date of June 28, 2010. Her applications were denied initially and upon reconsideration. On January 24, 2012, an administrative hearing was held before an Administrative Law Judge ("ALJ"). The ALJ issued a decision denying her application on March 22, 2012. The Appeals Council denied Ms. Bowman's request for review, rendering the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## MEDICAL HISTORY

When Ms. Bowman applied for benefits she alleged disability due to diabetes, high blood pressure, carpal tunnel syndrome, and asthma. [Tr. 221]. After her disability applications were denied initially, [Tr. 114], she alleged disability due to shortness of breath, leg and foot pain, and numbness in her hands and feet. [TR. 242–43]. Less than two weeks after her applications were denied after reconsideration, she alleged disability due to "mental disorders." [Tr. 250].

Ms. Bowman first sought treatment for complaints of mental health issues on February 9, 2011 at Coordinated Health Services, [Tr. 287–94], about one year after her alleged onset date, [Tr. 190, 192], but less than two weeks after her disability applications were denied on reconsideration. [Tr. 124, 132]. The comprehensive clinical assessment form completed by Coordinated Health Services on February 9, 2011 reveals generally mild findings, although some moderate limitations were also reported. [Tr. 287–94]. Ms. Bowman complained of difficulty sleeping, worry, economic concerns, financial management, and a recent, verbally abusive relationship. [Tr. 287]. On examination, however, she had no attentive symptoms or behavioral problems, and no cognitive impairment. [Tr. 288–89]. The assessor rated Ms. Bowman's global assessment of functioning ("GAF") score as a 55 which indicates moderate, but not serious problems. [Tr. 292].

The record does not contain further treatment notes from Coordinated Health Services, but contemporaneous and subsequent treatment notes from Goshen Medical Center, plaintiff's primary care provided, are consistent with Coordinated's assessment of mostly mild problems. Between February 2011 and the date of the ALJ's decision in March 2012, notes from Goshen

2

suggest Bowman was doing well and did not have ongoing mental health complaints. [Tr. 295–309].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider, in sequence, whether a claimant: (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P App'x 1 (the "listing of impairments"), (4) can return to his or her past relevant work, and if no, (5) can perform other work. 20 C.F.R. § 404.1520, 416.920.

Plaintiff does not allege that the ALJ erred at any particular step in the process, but rather that his decision was not based on substantial evidence, and could not be, because he did not have enough evidence in front of him to consider. Plaintiff argues that the ALJ's decision should be reversed because the ALJ did not subpoena additional documents from Coordinated Health Systems, where she alleges she was being treated beginning in February 2011. The regulations give ALJs discretion to grant or deny a claimant's subpoena request.

3

> When it is reasonably necessary for the full presentation of a case, an [ALJ] or a member of the Appeals Council may, on his or her own initiative or at the request of a party, issue subpoenas for the appearance and testimony of witnesses and for the production of books, records, correspondence, papers, or other documents that are material to an issue at the hearing

20 C.F.R. § 404.950(d)(1). If a party wishes an ALJ to use this discretionary subpoena power, the party must file a written request with the ALJ at least five days in advance of the hearing date. 20 C.F.R. § 404.950(d)(2). Because the agency's regulations provide the ALJ with discretion in the issuance of a subpoena, some circuits have held that courts review such an issue for abuse of discretion. *Passmore v. Astrue*, 533 F.3d 658, 665–66 (8th Cir. 2008); *Yancey v. Apfel*, 145 F.3d 106, 113 (2d Cir. 1998); *Flatford v. Chater*, 93 F.3d 1296, 1307 (6th Cir. 1996). This Court will adopt the same and review for an abuse of discretion.

Here, Ms. Bowman's counsel never asked the ALJ to subpoena the documents in question either orally or in writing. In addition, counsel did not inform the ALJ of the important facts the documents would prove, or explain why those facts could not be proven without a subpoena. This Court declines to find that the ALJ abused his discretion in a situation where he was never even asked to issue a subpoena.

Further, the record shows that the ALJ was not put on notice that additional documents from Coordinated Health Services were reasonably necessary for a full presentation of the case such that he should have exercised his discretion to subpoena them of his own accord. Ms. Bowman's counsel's hearing brief, for example, refers to the records at issue only in passing and does not suggest that their omission would be a fatal flaw. [Tr. 261]. Further, the transcript of the administrative hearing likewise fails to suggest that the documents are of critical importance. The exhibits comprising the record were admitted into evidence without objection or other indication by counsel that the record was incomplete. [Tr. 23]. Similarly, at the conclusion of the hearing,

4

the ALJ asked counsel if she had anything to state in closing or anything to "pick up" to which she replied no. [Tr. 54]. Ms. Bowman's own testimony at the hearing similarly fails to suggest that the documents were of vital importance. Ms. Bowman also failed to allege that she was suffering from any mental condition and only briefly spoke about her depression which she reported was being helped by treatment. [Tr. 31, 36–37]. The ALJ did not abuse his discretion by not subpoenaing the records of his own accord.

Finally, the record contains treatment notes from Goshen Medical Center covering the same time period as the omitted documents from Coordinated Health Services. [Tr. 295–312]. These notes include finding about Bowman's mental status and reveal consistently normal findings. *Id.* Accordingly, this Court finds that the ALJ's decision was supported by substantial evidence and the decision of the Commissioner is affirmed.

## CONCLUSION

For the foregoing reasons, the defendant's motion for judgment on the pleadings is GRANTED, the plaintiff's motion is DENIED and the decision of the Commissioner is AFFIRMED.

SO ORDERED.

This 25 day of November, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5